Charles C. Sipos, California Bar No. 348801
CSipos@perkinscoie.com
Thomas J. Tobin, California Bar No. 319538
TTobin@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT FRIED,<br>Plaintiff,<br>v.<br>SNAPPLE BEVERAGE COMPANY,<br>Defendant. | Case No. '24CV0653 DMS DDL<br>NOTICE OF REMOVAL |

Defendant Snapple Beverage Company ("Snapple") respectfully notifies the Court pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, that it hereby removes this case from Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). In support of this Notice of Removal and this Court's jurisdiction, Snapple states as follows:

**THE STATE COURT ACTION**

1. On March 6, 2024, Albert Fried ("Plaintiff") filed a putative class action complaint in the Superior Court of California, County of San Diego, captioned *Albert Fried v. Snapple Beverage Company*, No. 37-2024-00010545-CU-BT-CTL (the "Complaint"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached

hereto as Exhibit A. On March 11, 2024, Plaintiff served Snapple via process server to its registered agent in California.

2. Plaintiff purports to bring this action on behalf of a class of California consumers who purchased Snapple branded Juice Drinks, Teas, and Elements beverages over the past four years. *Id.* ¶ 41; ¶ 1 (defining "Products"). Plaintiff alleges that the class of consumers consists of "at least thousands of members." *Id.* ¶ 44.

3. In his Complaint, Plaintiff alleges that the marketing and labeling of Snapple's Products are false or misleading due to the presence of citric acid. *Id.* ¶ 4. Specifically, Plaintiff alleges that the presence of this substance renders the representation "All Natural" false or misleading. *Id.*

4. Plaintiff seeks, among other things, "compensatory damages and punitive damages as permitted by law" and "pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon." *Id*. at 17 (Prayer for Relief). Plaintiff alleges that they and each class member would not have purchased the Product or would have paid less for them had the labels not been purportedly false or misleading. *Id*. ¶¶ 33, 37, 47. Plaintiff also seeks "an award of attorneys' fees and costs," injunctive relief, and "further relief, as may be just and proper." *Id*. at 18 (Prayer for Relief).

## GROUNDS FOR REMOVAL

5. "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under § 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

6. CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, and as shown in the accompanying declaration of Emily Sokal, Brand Manager at Snapple, (Exhibit B), these requirements are met, and this matter is removable.

**A. The putative class is comprised of more than 100 members.**

7. This action is a putative class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Under CAFA, class actions must have at least 100 members in the putative class. 28 U.S.C. § 1332(d)(5)(B). Plaintiff acknowledged that the putative class consists of "at least thousands of members." Compl. ¶ 44. By Plaintiff's own allegations, this element is met.

**B. The aggregate amount in controversy exceeds $5,000,000.**

9. CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). Where a class action complaint does not expressly allege that more than $5 million is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In the Ninth Circuit, a removing defendant's notice of removal "need not contain evidentiary

submissions" but only plausible allegations of the jurisdictional elements *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions. *Id.*; *Salter v. Quality Carriers, Inc*., 974 F.3d 959, 965 (9th Cir. 2020) (denying challenge to removal when underlying assumptions regarding amount in controversy were not shown to be unreasonable).

10. Plaintiff's demand for monetary damages—including "compensatory damages and punitive damages," "restitution," and attorneys' fees—places well over $5,000,000 in controversy.[1] *See* Compl. at 17 (Prayer for Relief).

11. First, Plaintiff seeks a judgment amounting to the total sales of the Products sold during the class period in California—which would also exceed $5 million. *See* Compl. at 17 (seeking disgorgement of "all monies, revenues, and profits obtained"); ¶ 66 ("[T]he restitution of all monies from the sale of the Products, which were unjustly acquired"). Plaintiff asserts that each class member would not have purchased the Products or would have paid less for them had the labels not been false or misleading. *Id*. ¶¶ 33, 37, 47. Thus, Plaintiff seeks for himself and the putative classes compensatory damages corresponding to the amount they spent on the Product during the past four years. Compl. at 17; ¶¶ 6, 100. Plaintiff further requests punitive damages. Compl. at 17; ¶ 82.

12. Given the breadth of Plaintiff's compensatory damages request and his intent to recover a complete refund of the purchase price paid, actual damages at issue in this matter may be equal to the total retail sales figure over the five-year class period, which exceeds $5 million. As explained by the declaration of Emily Sokal, total sales of the Products to retailers and other third parties located in California and other jurisdictions named as part of the putative multi-state class exceeded $5 million

[1] Snapple disputes that Plaintiff is entitled to any relief.

over the past four years. *See* Exhibit B, ¶ 4. And, this number is necessarily underinclusive because it reflects Snapple's sale price to distributors and not the higher retail price paid by consumers, which is the relief Plaintiff seeks. *See id.* ¶ 4; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (accepting declaration from company representative that sales in California exceeded $5 million).

13. Second, the Complaint seeks injunctive relief. Compl. at 17 (Prayer for Relief), ¶¶ 50, 63, 74, 82. When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). "In other words, where the value of plaintiff's recovery ... is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Here, the compliance with this injunction, namely the changes in the production processes and the request to "destroy all misleading and deceptive advertising materials and product labels, and to recall all offending Products," exceeds $5 million. Compl. at 17 (Prayer for Relief); *see also* Exhibit B, ¶ 4.

14. Compensatory and punitive damages as well as injunctive relief are implicated in Plaintiff's allegations and should be considered in reaching the CAFA amount in controversy, which is well over $5 million here. Accordingly, the amount in controversy prong for CAFA jurisdiction is satisfied.

**C. The parties are minimally diverse.**

15. The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

16. Plaintiff asserts that he is a citizen of California. Compl. ¶ 13.

17. Snapple is not a citizen of California. Plaintiff acknowledges that Snapple is a citizen of Delaware and Texas *See* Compl. ¶ 14; *see also* 28 U.S.C. § 1332(c)(1). (noting that a corporation is a citizen of the state in which it is incorporated and maintains its primary place of business.). Thus, at least one Plaintiff is a citizen of a different state from Snapple, and CAFA's minimal diversity requirements are met. *See* 28 U.S.C. § 1332(d)(2).

**D. There are no barriers to removal.**

18. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).[2]

19. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Snapple is not a citizen of California, the state in which the action was originally filed.[3]

---

[2] Snapple is not a "State[], State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A) therefore does not preclude this Court's jurisdiction.

[3] For the same reason, this Court may not decline to assert jurisdiction over this case under 28 U.S.C. § 1332(d)(3) (permitting a district court to decline jurisdiction over "a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate *and the primary defendants are citizens of the State in which the action was originally filed* . . . .").

20. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

**E. Venue and intra-district assignment are proper.**

21. The Southern District of California, San Diego Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Superior Court of California, San Diego County, where the Complaint was filed and is currently pending. *See* 28 U.S.C. § 1441(a).

**F. Snapple has satisfied all other requirements of the removal procedure.**

22. This Notice of Removal is timely filed. Snapple was served and this Notice of Removal was filed and served within 30 days of that service, in compliance with 28 U.S.C. § 1446(b).

23. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Snapple are being filed herewith. These documents are attached hereto as Exhibit A. A true and correct copy of the State Court's docket is attached hereto as Exhibit C.

24. Pursuant to 28 U.S.C. § 1446(d), Snapple will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Snapple will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

## RESERVATION OF RIGHTS AND DEFENSES

25. Snapple expressly reserves all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Snapple's defenses.

## CONCLUSION

26. WHEREFORE, Snapple requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the California state court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court proceeding.

Dated: April 8, 2024

**PERKINS COIE LLP**

By: /s/ *Charles C. Sipos*

Charles C. Sipos, California Bar No. 348801
CSipos@perkinscoie.com

/s/*Thomas J. Tobin*

Thomas J. Tobin, California Bar No. 319538
TTobin@perkinscoie.com

1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000